Affirmed.

### In re LOBL.

#### Patent Appeal No. 3431.

Court of Customs and Patent Appeals. Feb. 25, 1935.

LENROOT and BLAND, Associate Judges, dissenting.

———◆———

Lee B. Kemon, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant sought a patent upon a design for a nasal inhaler, in the United States Patent Office. His application was denied by both the Examiner and the Board of Appeals, in view of the art, for claimed lack of invention.

The references cited by the Board are as follows: Lobl, 1,340,662, May 18, 1920; Palmer, 1,431,177, October 10, 1922; Moore, 1,540,274, June 2, 1925.

Appellant's design, as shown by the drawings, is for an inhaler with two nipplelike projections rising above the body of the container. Each of these projections has a hole in the apex. The length of the body portion of the container is more than double its width. The longer sides are parallel, while the ends of the container are rounded. Surrounding the flat base of the inhaler are two concentric mouldings integral with the body. The whole is streamlined, the side lines symmetrically converging upward toward the extremities of the inhaling projections. The entire design presents a pleasing appearance, being regular, shapely, and free from angles and irregularities.

The references alleged to be anticipatory are all mechanical patents. Lobl is a container for inhalants. It is rectangular in shape; the corners being rounded. The lower portion consists of a box containing the inhalant. Fitting into this is a top portion consisting of two rectangular projections for applying to the nostrils. The sides of these projections are flat, the corners rounded, and the sides adjacent to each other are corrugated. As assembled, the container gives the appearance of a box with a lid, the upper margin of the box being parallel with the bottom of the container.

The reference Palmer, which is thought by the office to be "basic," discloses an inhaler, the base of which is oval in shape. About the base of the inhaler is a rounded flange. Arising from the base are two projections, horn shaped, bending outward and then inward toward the apices, so that they may be hooked within the nostrils. The outward appearance of these projections is not shown by the drawings.

The patent to Moore shows an inhaler. Its base is rectangular, to which rectangle is attached a curved metal plate, to be held in

the mouth to keep the inhaler in situ. Rising from the rectangular base are two rectangular projections pierced at their apices. These projections are inclined inward from the base toward the aforementioned plate.

■ It is elementary that there must be invention to justify the grant of a design patent. Whether there be such invention or not is to be judged largely by the effect of such design upon the ordinary observer and a consideration of the prior art.

■ We are of opinion that the design presented by appellant is pleasing and artistic, is distinctive, is not suggested by the references, but is substantially different therefrom, produces a different æsthetic effect, and is inventive. In such cases, a patent should be allowed. In re Hormel, 56 F.(2d) 672, 19 C. C. P. A. (Patents) 1046, and In re Muldoon, 56 F.(2d) 894, 19 C. C. P. A. (Patents) 1082.

The decision of the Board of Appeals is reversed.

Reversed.

LENROOT, Associate Judge (dissenting).

I feel compelled to dissent from the conclusion reached by the majority in this case for the reason that, in my opinion, the production of the design here involved did not involve the exercise of the inventive faculty.

It is my opinion that a person with average intelligence, having before him the drawings of appellant's mechanical patent, or the drawings of the Moore patent, desiring to design a more pleasing and artistic form of inhaler, could, and would, within the space of an hour, produce substantially appellant's design without any exercise of the inventive faculty. The general contours of an inhaler, such as is shown in appellant's patent, must be preserved because of its utilitarian function. This leaves a very limited field for change in form to render the design more pleasing and artistic. Probably not more than three or four such designs, excluding ornamentation upon the form itself, could be made without exhausting the field. If the design here involved is patentable, then perhaps two or three additional designs are likewise patentable because sufficiently distinctive from the design here in issue; and, until the expiration of these patents, no one could make inhalers like those shown in the references in an attractive and artistic form without paying tribute to those who, in the exercise of merely ordinary skill, had produced designs upon which they had secured patents.

In the case of In re Walter, 39 F.(2d) 724, 725, 17 C. C. P. A. (Patents) 982, we said:

"It should be remembered that the purpose of the law authorizing the grant of patents for designs was to give encouragement to the decorative arts, but it was not the purpose to grant a monopoly over a particular design, even if it presents a new and distinctive appearance, if its creation did not involve invention. The decorative arts would be retarded instead of advanced if one, without the exercise of the inventive faculty, upon seeing a new article come into common use, could draft designs covering all attractive forms of the article and secure patents for them, thus preventing the use of the article by the public, except in its most unattractive form, unless tribute be paid to him who had secured the patents.

"In designs, the reward of a monopoly for a given period must be confined to those who have invented new, original, and ornamental designs for articles of manufacture."

In my opinion, the above-quoted language is particularly applicable to the case at bar.

It seems to me that, with the allowance of a patent for the design here involved, in view of the references, the tribunals of the Patent Office would correctly understand that it is the view of a majority of this court that a much more liberal policy should be followed in determining what is inventive in design cases than has heretofore been approved by this court in the case above cited.

The tribunals of the Patent Office concurred in finding that, in view of the cited prior art, appellant's design did not involve invention. Therefore, the rule is applicable that concurring decisions of the Patent Office tribunals upon a question of fact will not be disturbed by us unless manifestly wrong. This is a rule that I had supposed was of general application, and I must assume that the majority of the court is of the opinion that the Patent Office tribunals were not only wrong, but manifestly so; I am unable to understand how such a conclusion is possible upon the record before us.

In my judgment, the decision of the Board of Appeals should be affirmed.

BLAND, Associate Judge, concurs in this dissent.